IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Douglas Wayne Hedden,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Oconee County Sheriff's Office, Michael Crenshaw, Don Mize, Malcolm Purdessy,<br><br>　　　　　　　　　Defendants. | Civil Action No. 8:17-cv-2093-BHH-JDA<br><br>**OPINION AND ORDER** |

Plaintiff Douglas Wayne Hedden ("Plaintiff") brought this civil action pursuant to 42 U.S.C § 1983, alleging violations of his constitutional rights. (ECF. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on November 19, 2018. (ECF No. 33.) In her Report, the Magistrate Judge recommends that the Court grant in Defendants Oconee County Sheriff's Office, Michael Crenshaw, Don Mize, and Malcolm Purdessy's (collectively "Defendants") motion for summary judgment. (*Id.* at 14.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here, summarizing below only in relevant part.[1]

## BACKGROUND

Plaintiff's claims stem from an incident that occurred on March 28, 2016 wherein

---

[1] As always, the Court says only what is necessary to address the parties objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exist there.

1

he was arrested for the offense of domestic violence of a high and aggravated nature. Plaintiff's complaint pleads a § 1983 claim against Defendants Deputy Mize, Sergeant Purdessy, and Oconee County Sheriff Michael Crenshaw, alleging that the arrest was unconstitutional. (ECF No. 1 ¶¶ 25–40.) Plaintiff also asserts a state law cause of action against the Oconee County Sheriff's Office ("OCSO") for negligent hiring, training, and supervision. (*Id.* ¶¶ 41–58.)

Defendants filed their motion for summary judgment on September 11, 2018. (ECF No. 28.) After the motion was fully brief, Magistrate Judge Austin issued her Report on November 19, 2018. (ECF No. 33.) Plaintiff filed objections on December 3, 2018. (ECF No. 34.) Defendants filed a reply to Plaintiff's objections on December 4, 2019. (ECF No. 35.) The matter is ripe for consideration and the Court now issues the following ruling.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

**A. Eleventh Amendment Immunity**

The Magistrate Judge first recommended that Plaintiff's claims be dismissed pursuant to the Eleventh Amendment to the extent that Plaintiff brings his § 1983 claims against Defendants in their official capacities. (ECF No. 33 at 9–10.) In his objections, Plaintiff argues that Defendants are not entitled to Eleventh Amendment immunity because any judgment he obtained on his claims would be paid by Oconee County and not out of the South Carolina State treasury. (*See* ECF No. 34 at 2.) The Magistrate Judge correctly observed that South Carolina sheriffs and sheriff's deputies are considered State employees, not county employees. *See Edwards v. Lexington Cty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("[U]nder South Carolina law the sheriff and sheriff's deputies are State, not county, employees." (citations omitted)). Therefore, the § 1983 official capacity claims are claims against the State and are precluded by Eleventh Amendment immunity. *See Wirtz v. Oconee Cty. Sheriff's Dep't*, No. 8:13-1041-RMG, 2013 WL 5372795, at *1 (D.S.C. Sept. 24, 2013) ("Defendant Oconee County Sheriff's Department has Eleventh Amendment immunity from a suit for damages under § 1983."). The objection has no merit and is overruled.

**B. Qualified Immunity**

The Magistrate Judge next concluded that Defendants are entitled to qualified immunity to the extent that they are sued in their individual capacities. She found that the forecasted evidence, viewed in the light most favorable to Plaintiff, does not establish a violation of Plaintiff's constitutional rights, and that Plaintiff's claims, therefore, cannot clear the first prong of the qualified immunity analysis. (*See* ECF No. 33 at 10–14.)

3

Plaintiff objects to these conclusions, arguing first that the forecasted evidence establishes a violation of his constitutional rights. (*See* ECF No. 34 at 2–5.) Here, Plaintiff baldly disputes the veracity of the Sheriff's Deputies' account of their investigation into the incident between Plaintiff and his ex-wife. Plaintiff claims that Sergeant Purdessy "coached" Deputy Mize on what to say in an effort to make the domestic violence charge hold up, and that Defendants "knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions to create a falsehood in applying for their warrant." (*See id.* at 3–4.)

These objections lack merit. At the time of the arrest, the Deputies were informed that there had been a 911 hang up from Plaintiff's residence, that when the 911 dispatcher called back a male answered and stated everything was fine even though there was screaming in the background, and that a woman subsequently called 911 again from the same number stating that her husband had hit her and had run into the woods with their son. (*See* ECF No. 28-2 at 1.) Upon arrival at the residence, the Deputies were informed by the alleged victim that Plaintiff had come to her place of employment the day before and threatened to kill her and a man with whom she had an affair, and that Plaintiff had verbally and physically assaulted her, including forcibly taking off her pants, pushing her on the bed, threatening to force intercourse, screaming in her face, and kicking her in the backside. (*Id.* at 2.) The Deputies also observed that the alleged victim's shirt was torn, that she had bruises/marks on her neck, chest, and arms, which injuries they documented with photographs appended to their incident report. (*Id.*) Plaintiff has not provided competent evidence to create a genuine issue of material fact regarding whether the Deputies possessed probable cause for the arrest. Plaintiff's father's affidavit stating that

4

he did not observe any marks or bruises on the alleged victim when she was at his house on the night in question, and that her demeanor was calm (*see* ECF No. 34-1), is insufficient to displace the totality of the circumstances evaluation made by the Deputies as to whether they possessed probable cause to arrest Plaintiff. As the Magistrate Judge correctly noted, officers have probable cause to arrest a suspect when "the facts and circumstances within their knowledge [at the time the arrest was made] and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964) (citation omitted). Plaintiff has not shown that the Deputies lacked probable cause for the arrest, and the Court agrees with the Magistrate Judge's conclusion that the § 1983 claim cannot survive even the first prong of the qualified immunity analysis by demonstrating that Plaintiff's Fourth Amendment right to be free from unreasonable seizure of his person was violated. (*See* ECF No. 33 at 11.)

Plaintiff's other objections pertaining to qualified immunity appear to be based on the following assertions: (1) none of the Deputies personally observed any criminal act by the Plaintiff and more than one hour had transpired between the alleged incident and Plaintiff's arrest, so the Deputies were not justified in conducting a "one-sided investigation," removing Plaintiff from his father's residence, and arresting him without a warrant; (2) the Deputies failed to follow OCSO's Manual of Standard Policy and Procedure in effecting the arrest; (3) the local solicitor later dismissed the charge of Domestic Violence of a High and Aggravated Nature, finding that the elements were not met, and Plaintiff was not subsequently prosecuted for a lesser offense. (*See* ECF No. 34 at 5–10.) Once again, Plaintiff's arguments fail to displace the central truth that the

5

arresting Deputies clearly possessed reasonably trustworthy information sufficient to warrant a prudent man in believing that Plaintiff had committed domestic violence—namely, multiple 911 calls from the same residence including one in which the 911 dispatcher heard screaming in the background and one in which the alleged victim stated that her husband had been hitting her, as well as the alleged victim's obvious physical injuries corroborating her claim to have been assaulted. (*See* ECF No. 28-2.) The objections are overruled.

**C. State Law Claim**

The Magistrate Judge next concluded that Plaintiff failed to forecast evidence creating a genuine factual dispute regarding his claim for negligent hiring, training, and supervision against OCSO. (ECF No. 33 at 14.) Plaintiff objects by asserting that the OCSO training manual and Defendants' dashcam-recorded conduct on the night of the arrest are enough to create a triable issue on the negligent hiring, training, and supervision cause of action. (*See* ECF No. 34 at 10–12.) The objection is without merit and is overruled. "Whether the claim is simply one of a negligent failure to supervise or instead involved improper training, the key question is whether the employer knew or should have known of the damage the employee posed to others." *Holcombe v. Helena Chemical Co.*, 238 F.Supp.3d 767, 773 (D.S.C. 2017) (citing *Snowden v. United Rentals (N. Am.) Inc.*, No. 2:14-cv-2740-PMD, 2015 WL 5554337, at *8 n.6 (D.S.C. Sept. 21, 2015)). In South Carolina, a cause of action for negligent hiring, training, and/or supervision requires the presence of "circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public." *James v. Kelly Trucking Co.* 661 S.E.2d 329, 330 (S.C. 2008) (citing

RESTATEMENT (SECOND) OF TORTS § 317 (1965)). The Court agrees with the sound analysis of the Magistrate Judge and finds that Plaintiff has failed to produce any evidence of Defendants' employment history, traits, or bad behavior that could have put the OCSO on notice that its employment of Defendants posed an undue risk of harm to the public. Accordingly, Defendants are entitled to summary judgment on this claim.

## **CONCLUSION**

For the reasons set forth above, the Report (ECF No. 33) of the Magistrate Judge is ADOPTED and incorporated herein. Plaintiff's objections (ECF No. 34) are OVERRULED. Defendants' motion for summary judgment (ECF No. 28) is GRANTED, and this case is dismissed.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 4, 2019
Charleston, South Carolina